IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**RUBEN SALAICES-ARENALES,**

**Defendant.**                                                          **No. 06-CR-30167-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

**I. Introduction**

Pending before the Court is Defendant Ruben Salaices-Arenales' March 15, 2007 motion to dismiss the indictment (Doc. 59). Specifically, Salaices-Arenales argues that the Counts against him are fatally flawed and defective in that they allege abstract drug quantity rather than actual offense conduct drug quantity. On March 23, 2007, the Government filed its response (Doc. 62). Based on the case law and the following, the Court denies the motion to dismiss.

On December 18, 2006, the grand jury returned a 13-count indictment against Javier Mendez, Scott Riddle, Rogelio Salaices-Arenales, Jose Antonio Salaices-Arenales, Ruben Salacies-Arenales, Christopher Salacies-Arenales and Chris Vital for drug violations (Doc. 1). The charges against Ruben Salacies-Arenales are contained in Count 1 and Count 13: Count 1 is against all six defendants for

conspiracy to knowingly and intentionally distribute and possess with the intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1); 841(b)(1)(A)(ii) and (vii) and 21 U.S.C. § 846 and Count 13 is against Ruben and Rogelio for knowingly and intentionally possess with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. As to the drug quantity in Count 1, the Indictment states:

> The total amount of cocaine involved in the conspiracy which was reasonable forseeable [sic] to the defendants exceeds 5 kilograms of a mixture or substance containing a detectable amount of cocaine. The total amount of marijuana involved in the conspiracy which is reasonable forseeable [sic] to the defendants exceeds 1,000 kilograms of a mixture or substance containing a detectable amount of marijuana

As to the drug quantity in Count 13, the Indictment states: "knowingly and intentionally possess with the intent to distribute a detectable amount of a mixture or substance containing marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18 United States Code, Section 2."

## II. Motion to Dismiss

**Federal Rule of Criminal Procedure 7(c)(1)** requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." The Seventh Circuit has held that an indictment meets the requirements of Rule 7(c)(1) if it: (1) contains the elements of the offense charged; (2) fairly informs the defendants of the nature of the charge against him; and (3) enables the defendant to plead the judgment as a bar to later

prosecution for the same offense.  **See United States v. Moore, 446 F.3d 671, 676-77 (7th Cir. 2006)**.  The test for validity of an indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.  **Id. (citing United States v. Allender, 62 F.3d 909, 914 (7th Cir. 1995))**. In analyzing the sufficiency of an indictment, the court reads the indictment in its entirety.  **United States v. Hoag, 823 F.2d 1123, 1126 (7th Cir. 1987))** and refrains from reading a count in a hypertechnical manner.  **United States v. McNeese, 901 F.2d 585, 602 (7th Cir.1990)**.

Salaices-Arenales argues that the Government is barred from charging by indictment abstract enhancement threshold levels of drug quantity that may establish prescribed statutory maximum penalty for the offense.  He also argues that this omission violates his due process rights as articulated by **Jones v. United States, 526 U.S. 227 (1999)**; **Apprendi v. New Jersey, 530 U.S. 466 (2000)**; **United States v. Booker, 543 U.S. 220 (2005); and Cunningham v. California, 127 S.Ct. 856 (2007)**.  The Government contends that the indictment tracks the statutory language, it states the elements of the crime with which Defendant has been charged, it adequately apprises Defendant of the nature of the charges in preparation for his defense, and it is sufficiently detailed such that it would bar future prosecutions for the offenses.  Furthermore, the Government contends that Indictment is not deficient since drug amounts impact sentencing when and if the court determines the appropriate offense levels.  The Court agrees with the

Government.

In ***Apprendi,*** the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury, and proved beyond a reasonable doubt." **530 U.S. at 490**. The implication of ***Apprendi*** for defendants charged with drug offenses under **21 U.S.C. § 841(a)** is that they may not be subjected to a statutorily enhanced sentence based on drug type and quantity, as provided in § 841(b), without those elements being charged in the indictment and proven beyond a reasonable doubt. ***See United States v. Nance*, 236 F.3d 820, 825 (7th Cir. 2000)**.

Therefore, the Indictment is not deficient as Salaices-Arenales argues; drug amounts will impact the sentencing guidelines and weigh in when the Court determines the appropriate offenses levels, if necessary.  If there comes a time when the Defendant chooses to plead guilty, he will have to be in a position to know that to which he proposes to plead.  There has been some confusion in times past for other defendants in relevant conduct amounts and how they affect the defendant's sentence, stemming from the pleading as it carried over to the plea agreements.  On those occasions, the Court has given the defendant the option to withdraw his plea.  The Government is well advised, particularly prior to a plea, to have its facts well marshaled.  However, the Government, at this stage, does possess a great deal of discretion in its pleading, much to the displeasure of this Defendant, and likely many

others. As such, prior to some kind of disposition, Salaices-Arenales' arguments are, at best premature. Furthermore, the Indictment clearly informs Saliaces-Arenales of both types of drugs and the quantities for which the Government seeks to hold him liable.[1]

### III. Conclusion

Accordingly, the Court **DENIES** Defendant's motion to dismiss indictment (Doc. 59).

**IT IS SO ORDERED.**

Signed this 28th day of March, 2007.

/s/      David   RHerndon
United States District Judge

---

[1] While not specifically addressing this issue, the Seventh Circuit stated:
In turn, the indictment, as is customary in the post-*Apprendi* world, referenced the necessary drug quantity for sentencing purposes: alleging that the defendants "conspire[d] ... to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of ... 'crack cocaine' ..." ***United States v. Tolliver*, 454 F.3d 660, 664 (7th Cir. 2006)**.